UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ANNA M. SAROUKOS,

      Plaintiff,

v.                                                               Case No.  8:06-cv-1539-T-TBM

MICHAEL J. ASTRUE,[1]
Commissioner of the United States
Social Security Administration,

      Defendant.
                                    /


**O R D E R**

The Plaintiff seeks judicial review of the denial of her claim for Supplemental

Security Income payments.  For the reasons set out herein, the decision is affirmed.



I.

Plaintiff was fifty-two years of age at the time of her administrative hearing in March

2006.  She stands about 5', 5" tall and weighed about 210 to 220 pounds.  Plaintiff has a high

school education.  Her past relevant work was as a retail cashier and a laundress in a nursing

home.  Plaintiff applied for disability benefits and Supplemental Security Income payments in

May 2003, alleging disability as of January 2, 1995, by reason of back and neck problems,

---

[1]Michael J. Astrue became Commissioner of Social Security on February 12, 2007.
Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should
be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit.

difficulty walking, depression, anxiety, and panic attacks.[2]  The Plaintiff's applications were denied originally and on reconsideration.

The Plaintiff received a *de novo* hearing before an Administrative Law Judge ("ALJ") on March 17, 2006.  The Plaintiff appeared for the hearing at a teleconference center in Clearwater, Florida, while the ALJ presided over the hearing from Philadelphia, Pennsylvania.  The Plaintiff was represented at the hearing by counsel and testified in her own behalf.  Additionally, a vocational expert was called by the ALJ and appeared and testified in Philadelphia.

In essence, Plaintiff testified that she is unable to work due to neck and back pain, depression and panic attacks, migraine headaches, and COPD.  She also complains to suffer from restless leg syndrome.  Plaintiff last worked at Wal-Mart in 1992 or 1993.  She injured her back while working in a laundry in a nursing facility.  Plaintiff was hospitalized at that time but did not undergo surgery.  By Plaintiff's account, her back pain is in her lower lumbar spine and radiates into her left buttock and leg, causing burning, tingling, numbness, and loss of bladder control.  She claims the pain is constant, it keeps her up at night, and she rates it at a level nine on a scale of one to ten, with ten being the greatest pain.  For relief, Plaintiff uses cold and heat, pain medication, and she lies flat on her back with a pillow between her legs.  Plaintiff has walked with the assistance of a walker for about a year and a half, which makes

---

[2]In a pre-hearing memorandum dated March 3, 2006, Plaintiff requested to amend her onset date to May 27, 2003, the protective filing date of her applications.  In doing so, she waived her claim for disability insurance benefits under Title II of the Social Security Act (the "Act"), since her date last insured was December 31, 1998.  Plaintiff's request to amend was granted at the administrative hearing.

walking easier on her back and gives her stability.  Regarding her migraines, Plaintiff testified they last a couple of hours, at least twice a day.  When she gets one, she has to lie down in a dark room.  She also puts ice on the back of her neck for relief.

As for her depression and anxiety, Plaintiff stated that she has difficulty remembering things, such as taking a shower, and her depression results in a lack of motivation.  She testified that she cannot be around people, even her grandchildren, because the noise causes her to start panicking and shaking.  She takes Zoloft for the depression.  Paxil made her suicidal and Prozac did not help.  She sees a psychiatrist and counselor every couple of months or sooner if necessary.  Upon questioning about the side effects of her medications, Plaintiff indicated that they made her sleepy in the beginning, but that she no longer suffers from side effects now that her medications are in her system.  Plaintiff testified that her medicines do not affect her ability to concentrate, but her concentration has become progressively worse.  Plaintiff stated that it takes her a longer time to perform tasks than it takes other people.  As for her shortness of breath, she has COPD and her anxiety causes her throat to close-up.  She use Combivent and Advair.

Plaintiff lives with her husband.  She rises early with her him but it takes her a half hour to actually get going.  Her husband helps her get out of bed, go to the bathroom, get dressed and with her medicine.  Once up, she lies down on the couch.  Plaintiff testified she does "absolutely nothing" after her husband leaves for work.  According to Plaintiff, she can hardly do anything around the house.  She does no cooking or cleaning because she can only stand for about five minutes before she must sit or lie down.  She lies on the couch or in bed for most of the day.  Plaintiff wears reading glasses, but she does not really read or watch

3

television because of her inability to focus or comprehend.  She normally does not eat during

the day.  On a rare occasion she makes a sandwich.  She gets up for dinner, which her

husband brings to the living room or bedroom, and while he cuts food for Plaintiff, she is able

use a fork.  Her husband helps her with simple math.  She has a driver's license and the use of

a car, but she only uses it with her husband to go to doctors' appointments and to the store.

By Plaintiff's account, she cannot balance without a walker.  With a walker, she can

walk about five or ten feet and then must sit down.  She estimated that she can only stand a

few minutes until burning pain begins to radiate down her legs and the legs start giving out.

She can sit for about five or ten minutes in the recliner or couch, but she mostly stays in bed

in her room.  Plaintiff can only lift a half-gallon of milk because her fibromyalgia prevents

her from gripping, and her muscles and tendons are stiff.  See Plaintiff's testimony (R. 52-73).

Gary Young, a vocational expert ("VE"), testified on an assumption of an individual

of Plaintiff's age, education, and past work experience who could perform light exertional

work with occasional limitations for  postural activities, no significant limitations in handling

and fingering, no significant visual or communication limitations, could not work around

hazardous machinery and unprotected heights, and a moderate limitation and ability to

concentrate, that is, limited to simple routine.  Upon that assumption, the VE opined that

Plaintiff could perform cashier jobs, assembly positions, and inspector jobs.  If the

hypothetical claimant suffered from panic attacks and anxiety when around other people, the

VE stated that, depending on the severity and frequency of the attacks, the individual might

not be able to perform those jobs.  The VE further opined that if the individual suffered from

headaches that required her to lie down for one to two hours twice a day, the individual would be precluded from all work.  See VE's testimony (R. 73-76)

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

By his decision of April 24, 2006, the ALJ determined that while Plaintiff has severe impairments related to a back disorder and a mood disorder, she nonetheless had the residual functional capacity to perform a restricted range of light work.  Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform jobs available to her in the local and national economy.  Upon this conclusion, the Plaintiff was determined to be not disabled.  (R. 16-24).  The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

II.

In order to be entitled to Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. See id. at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards

6

were applied.  McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler,

704 F.2d 1207, 1209 (11th Cir. 1983).


                                              III.

        The Plaintiff raises three claims on this appeal.  As stated by the Plaintiff, they are as

follows:

        (1) The Administrative Law Judge did not properly evaluate the Plaintiff's

complaints of migraine headaches;

        (2) The Administrative Law Judge erred by failing to consider the Plaintiff's obesity

in evaluating her complaints of pain; and

        (3) The Administrative Law Judge's findings that the Plaintiff only occasionally

complained of pain is not supported by the substantial evidence.

        By her first claim, Plaintiff urges that the medical records contained numerous

references to her complaints of migraine headaches and yet the ALJ did not find them to be a

severe impairment.  Citing to this circuit's "pain standard," Plaintiff urges that the ALJ

generally discounted her symptoms with a "boiler plate paragraph" that gave no specific

reasons for discounting her migraine headaches.  Plaintiff urges that because the ALJ failed to

articulate the specific reasons for concluding the headaches were not credible, the complaints

must be deemed true as a matter of law.

        In this circuit, subjective complaints such as pain, fatigue or dizziness are governed

by a three-part "pain standard" that applies when a claimant attempts to establish disability

through subjective symptoms.  By this standard, there must be evidence of an underlying

medical condition and either objective medical evidence that confirms the severity of the

alleged symptom arising from the condition or evidence that the objectively determined

medical condition is of such severity that it can be reasonably expected to give rise to the

alleged pain.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing Landry v.

Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986)).  A claimant's subjective testimony supported

by medical evidence that satisfies the standard is itself sufficient to support a finding of

disability.  Id.; Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  If the ALJ determines

not to credit subjective testimony, he must articulate explicit and adequate reasons for his

decision.  Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995); Jones v. Dep't of Health &

Human Servs., 941 F.2d 1529, 1532 (11th Cir. 1991).  The failure of the ALJ to articulate the

reasons for discrediting subjective testimony requires, as a matter of law, that the testimony

be accepted as true.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); MacGregor v.

Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986).  A reviewing court will not disturb a clearly

articulated credibility finding with substantial supporting evidence in the record.  See Hale,

831 F.2d at 1012.

    After careful consideration of the decision and medical record, I conclude Plaintiff is

not entitled to relief on this claim.  While Plaintiff is correct that there are a few references to

subjective complaints of headaches in the medical record, on a whole the record demonstrates

that the headaches, to the extent they exist, are not severe and certainly not to the extent that

Plaintiff claimed.[3]  Further, the decision reflects that the ALJ applied the proper standard to

---

[3]As set forth above, Plaintiff testified that she suffered debilitating migraine headaches
twice a day.  The veracity of this evidence is substantially undermined by the medical record.
I can find no similar claims in this record or even a diagnosis of severe migraines or

8

the subjective evidence[4] and also that he acknowledged Plaintiff's subjective complaints, including her claim of migraine headaches, before determining to discredit her subjective complaints to the extent that she claimed disability therefrom.  While the "boilerplate" language cited by the Plaintiff does appear in the decision, the ALJ went considerably beyond this language and recited findings from the clinical and objective medical record which substantially undercut the veracity of the Plaintiff's testimony.  Under the "pain standard," an ALJ may discount subjective testimony by stating adequate and express reasons for doing so. Here, the express references to the lack of medical support for the severity of her pain complaints, made upon a fair review of the medical record, offers such satisfactory basis to discount Plaintiff's testimony.  Upon my consideration, given the lack of medical support for severe migraines, the failure to expressly discount that complaint is not error.  In any event, it is inconsequential and harmless at best.

By her second claim, Plaintiff argues that while she did not allege her obesity as an impairment, the medical record reflects that she is obese and the condition should have been

---

significant long-term treatment therefore.  In one of Dr. Turro's notes expressing the view that Plaintiff could not work because of her mental state, he added that she "[a]lso has chronic lower back pain and occasional headaches." (R. 338).  In a second such note, there is no reference at all to headaches. (R. 339).  In the report of consultative examiner, Dr. Navnit Patel, the doctor noted Plaintiff's complaints of headaches "on and off." (R. 288).  Dr. Mehta's notes reflect no such complaints.

[4]As the decision reflects, the ALJ expressly referenced the applicable regulatory standard at 20 C.F.R. §§ 404.1529, 416.929 and related Social Security Rulings prior to drawing his conclusions as to Plaintiff's residual functional capacity.  While the decision does not expressly reference this circuit's "pain standard," proper application of the regulatory standard will satisfy the "pain standard."  Wilson v. Barnhart, 284 F.3d1219, 1226 (11th Cir.2002).

9

considered by the ALJ in relation to her complaints about pain and exertional limitations.[5]  By

this argument, Plaintiff's records reveal consistent complaints of chronic back aches and

sciatica in 2004 and 2005, and that evidence should have been reviewed in light of her

obesity.  Citing SSR 02-1p, Plaintiff argues that since the ALJ did not consider her obesity in

evaluating her residual functional capacity, a remand is necessary.

 While the Plaintiff is correct that SSR 02-1p cautions an ALJ to consider a

claimant's obesity throughout the evaluation process, she fails in this instance to demonstrate

that her condition was not considered.[6]  More significantly, Plaintiff does not demonstrate that

her weight contributed to any greater functional restrictions than those ultimately assessed by

the ALJ.  As she concedes, Plaintiff has never claimed disability by reason of her obesity, and

on this appeal, she makes no showing that the condition contributed to any greater limitations

than those assessed by the ALJ.  In the circumstances, even if there was error, and I find none,

a remand would serve no useful purpose.  See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir.

1983) (applying the harmless error rule to an ALJ's misstatement of evidence in a Social

---

[5]Plaintiff offers record cites reflecting her weight between June 2003 and January 2006, all of which reflect her weight at 206 pounds or greater.  By reference to a January 2004 record, Plaintiff cites her height at 5' 4".

[6]In this circuit, rulings such as this are entitled to deference, not controlling weight, and the mere failure of the ALJ to reference this ruling without more does not require a remand.  See Fair v. Shalala, 37 F.3d 1466, 1469 (11th Cir.1994).  As SSR 02-1p notes, when the decision was made to eliminate obesity as a listing impairment, there was added to the prefaces of the musculoskeletal, respiratory and cardiovascular body system listings additional guidance about the potential effects obesity has in causing or contributing to impairments of those body systems.  Here, the ALJ gave express consideration to the listing for the  musculoskeletal system as it related to Plaintiff's back pain.  In the circumstances, absent some other evidence, I cannot conclude that the ALJ did not take Plaintiff's weight into consideration at this or any other stage of the evaluation process.

Security case); <u>Mays v. Bowen</u>, 837 F.2d 1362, 1364 (5th Cir. 1988) (stating that the court will not vacate a judgment unless the substantial rights of a party have been affected); Fed. R. Civ. P. 61.

By her last claim, Plaintiff challenges the ALJ's finding that "a review of the treatment records from the claimant's primary care physicians, Drs. Mehta and Turro, does not show that the claimant *repeatedly* complained of back pain, but instead that she *occasionally* complained of pain." (emphasis added).[7] <u>See</u> (Doc. 24 at 10). By this argument, she did complain repeatedly to these doctors and a remand is necessary for reevaluation of her complaints of back pain.

Here, a review of these doctors' records supports the overall conclusion of the ALJ as to the extent of Plaintiff's limitations related to her back pain. In my view, whether the reports of back pain were "repeated" or "occasional" is of little consequence as I have found that the ALJ fairly discounted the complaints of disabling back pain on the basis of an overall review of the clinical and medical record. By my review, Plaintiff complained to Dr. Mehta on five occasions between February 2001 and January 2004. As for Dr. Turro, the notes are more difficult to read, however, they reflect some complaints of back pain and he described her condition as chronic. Thus, even if the ALJ mischaracterized the frequency of Plaintiff's complaints of back pain, which does not appear to be the case, the outcome would be the same because substantial evidence supports the ALJ's conclusion that the clinical and medical record failed to show that the condition was as severe as Plaintiff claimed. Even if Plaintiff is

_____

[7]Plaintiff cites the record at (R. 288, 302, 336, 353-54, and 379), which reflect her complaints of back pain.

correct on this point, it would not require a remand to reevaluate the evidence concerning her

back pain.


IV.

For the foregoing reasons, the decision of the Commissioner of the United States

Social Security Administration is in accordance with the correct legal standards and is

otherwise supported by substantial evidence.  The decision is affirmed.  Accordingly, the

Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 18th day of September 2007.


THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Counsel of record